IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EPHESIAN BROWN, | ) | CR #: 2:10-270 |
| | ) | CA #: 2:12-cv-3037-DCN |
| Petitioner | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## PROCEDURAL BACKGROUND

On March 10, 2010, a three-count Indictment was filed charging Ephesian Brown ("Brown") with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), possessing with intent to distribute a quantity of crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C), and possession of a weapon in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(C).

Brown initially pled guilty to all three counts of the Indictment, but was later allowed to withdraw his plea. Petitioner then pled guilty to Counts 1 and 2 of the Indictment on August 16, 2011. On December 12, 2011, he was sentenced to a term of 151 months imprisonment, to be followed by three (3) years supervised release. Judgment was entered on December 13, 2011.

Petitioner did not file a direct appeal of his conviction. Petitioner timely filed the instant motion on October 22, 2012.

## PETITIONER'S CLAIMS

Petitioner asks the court to resentence him, claiming that he is entitled to relief pursuant

to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010). Specifically, he claims that his prior conviction for possession with intent to distribute cocaine should not have counted towards his criminal history.

Petitioner argues that he should not be considered a career offender because his Possession with Intent to District Cocaine (PWID) conviction should not have been counted as a felony drug offense. Specifically, Brown claims that because he received a sentence of 131 days, he is entitled to relief under Simmons and Carachuri-Rosendo.

The two cases Brown cites in making his argument hold that an offense constitutes a felony drug offense if the defendant *could have* actually received more than one year of imprisonment for that offense. Simmons, 649 F.3d at 243-44; Carachuri-Rosendo, 130 S.Ct. at 2586 (emphasis added). It is uncontested that the statutory maximum penalty for a conviction for PWID cocaine exceeds one year. For this reason, Brown's claims must be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Government's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

_____
David C. Norton
United States District Judge

March 7, 2013
Charleston South Carolina